UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK "DOE"                         :<br>            Plaintiff       :<br>                            :<br>   v.                                   :<br>                            :<br>WM OPERATING, LLC, d/b/a MEADOWVIEW  :<br>REHABILITATION AND NURSING CENTER;   :<br>REST HAVEN CARE CORP. d/b/a REST     :<br>HAVEN-WHITEMARSH NURSING CENTER;     :<br>REST HAVEN NURSING CENTER            :<br>(WHITEMARSH), INC.; PREMIER          :<br>HEALTHCARE MANAGEMENT, LLC; and      :<br>JOHN CHAPMAN,                        :<br>           Defendants      : | No. 2:17-CV-02204-TON<br><br>FILED ELECTRONICALLY |

**BRIEF OF DEFENDANTS REST HAVEN CARE CORP. d/b/a REST HAVEN-WHITEMARSH NURSING CENTER and REST HAVEN NURSING CENTER (WHITEMARSH), INC. IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

### I.    <u>STATEMENT OF THE CASE</u>

Plaintiff Frank Doe ("Plaintiff") has filed a Complaint alleging workplace discrimination based on sexual orientation. At the time of the alleged discrimination, Plaintiff worked at a nursing and rehabilitation facility located at 9209 Ridge Pike in Montgomery County, Pennsylvania (the "Nursing Home"). *See, e.g.*, Compl. ¶ 16.

In February 2016, Defendant John Chapman ("Chapman") became Plaintiff's direct supervisor. *Id.* ¶ 50.

1

Plaintiff claims that Chapman created a hostile work environment and wrongfully terminated Plaintiff's employment at the Nursing Home because Plaintiff is gay.

Defendants Rest Haven Care Corp. d/b/a Rest Haven-Whitemarsh Nursing Center and Rest Haven Nursing Center (Whitemarsh), Inc. (together, the "Rest Haven Defendants") operated the Nursing Home before February 1, 2016. On that date, the Rest Haven Defendants sold the Nursing Home business to Defendant WM Operating, LLC d/b/a Meadowview Rehabilitation and Nursing Center ("WM Operating"). *See* Compl. ¶ 17 (recognizing that Rest Haven Defendants own the registered fictitious name Andorra Woods Healthcare Center, "which *was the prior name of* Meadowview Rehabilitation and Nursing Center" (emphasis added)).

Ownership records kept by the federal government show that WM Operating and its affiliate WM Holdings, LLC have owned and operated the Nursing Home since February 1, 2016. A printout from Medicare.gov showing the Nursing Home's ownership is attached hereto as Exhibit A.

Additionally, in connection with its purchase of the Nursing Home business from the Rest Haven Defendants, WM Operating executed a Subordination, Non-Disturbance and Attornment Agreement ("SNDA"), which became effective on February 1, 2016 and was recorded in the Montgomery County Commissioners' Registry beginning at Deed Book 5989, Page 00608 as Instrument No. 2016011643. A certified copy of the SNDA is attached hereto as Exhibit B. According to the SNDA, WM Operating leases the premises on which it operates the Nursing Home from non-party 9209 Realty, LLC. Exhibit B, Recitals ¶ B. Additionally, the SNDA shows that 9202 Ridge Pike is located

100% within Springfield Township, Montgomery County, Pennsylvania.  Exhibit B, Official Recording Cover Page.

Plaintiff brings claims against the Rest Haven Defendants in Counts I-IX of his Complaint; Counts X-XIII of the Complaint state claims against other parties.  On June 8, 2017, WM Operating and Chapman filed a Motion to Dismiss Plaintiff's Complaint and Brief in Support thereof ("Brief of WM Operating and Chapman").  On June 22, 2017, Plaintiff filed a Brief in Opposition to the Motion to Dismiss of WM Operating and Chapman ("Plaintiff's Brief in Opposition").

The Rest Haven Defendants now move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and file this Brief in support thereof.

## II.    ISSUES PRESENTED

A. **Should the Court dismiss Counts I-IX of the Complaint for failure to state a claim because the Rest Haven Defendants did not operate the Nursing Home or employ Plaintiff when the alleged discrimination occurred?**

   **Suggested Answer:  Yes.**

B. **Should the Court dismiss Counts I-III of the Complaint for failure to state a claim against the Rest Haven Defendants because Title VII of the Civil Rights Act of 1964 does not prohibit discrimination based on sexual orientation, and Plaintiff fails to plead facts supporting a Title VII retaliation claim?**

   **Suggested Answer:  Yes.**

  **C.** **Should the Court dismiss Counts IV-IX of the Complaint for failure to state a claim because the Philadelphia Fair Practices Ordinance and Whitemarsh Township Human Relations Ordinance do not apply to conduct that occurred in Springfield Township, and Plaintiff failed to exhaust administrative remedies under the Springfield Township Human Relations Ordinance?**

  **Suggested Answer:  Yes.**

### III. ARGUMENT

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "In evaluating a motion to dismiss, [the Court] may consider documents that are attached to or submitted with the complaint . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case."  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation and quotation marks omitted) (second alteration in original).

 For the following reasons, Plaintiff fails to state a plausible claim against the Rest Haven Defendants.  First, the Rest Haven Defendants did not operate the Nursing Home or employ Plaintiff when the allegedly unlawful conduct occurred.  Second, under Third Circuit precedent, Title VII of the Civil Rights Act of 1964 does not prohibit discrimination based on sexual orientation, and the Complaint fails to set forth facts supporting a plausible Title VII retaliation claim.  Third, the Philadelphia Fair Practices

Ordinance and Whitemarsh Township Human Relations Ordinance do not apply to conduct that occurred in Springfield Township, and Plaintiff failed to exhaust administrative remedies under the Springfield Township Human Relations Ordinance. Accordingly, under Fed. R. Civ. P. 12(b)(6), the Court should dismiss Plaintiff's complaint against the Rest Haven Defendants for failure to state a plausible claim to relief.

>   **A. The Court should dismiss the Complaint because the Rest Haven Defendants did not operate the Nursing Home or employ Plaintiff when the alleged discrimination occurred.**

Plaintiff alleges discrimination against his sexual orientation began occurring when John Chapman, a heterosexual male, was hired as Plaintiff's supervisor in February 2016.  Compl. ¶ 17.  Plaintiff's Complaint makes clear that the alleged discrimination began only after Chapman's hiring in February 2016.  *Id.* ¶¶ 50-56.

The Rest Haven Defendants, however, sold the Nursing Home effective February 1, 2016.  The publicly accessible Medicare.gov website shows that WM Operating and its affiliate WM Holdings, LLC have owned and operated the Nursing Home since February 1, 2016.  Exhibit A; *see also* Brief of WM Operating and Chapman at p. 5 (stating that Meadowview purchased the facility on February 1, 2016).  Further, the SNDA shows that WM Operating leases the premises where the Nursing Home operates.  Exhibit B, Recitals ¶¶ A-D.  Medicare.gov and the SNDA are public records of which the Court can take judicial notice.[1]

---

[1]  Under Rule 12(b)(6), the Court may properly consider matters of public record and other matters of which a court may take judicial notice.  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  Under Rule 201(b) of the Federal Rules of Evidence, the Court also may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose

5

Because Chapman was hired as Plaintiff's direct supervisor *after* the Rest Haven Defendants sold the Nursing Home, the Rest Haven Defendants could not have hired Chapman, supervised Chapman, or employed Plaintiff during the time of the alleged discriminatory conduct. Accordingly, the Court should dismiss the Rest Haven Defendants with prejudice because Plaintiff fails to state a plausible claim against them.

> **B.** **The Court should dismiss Counts I-III because Title VII does not prohibit discrimination based on sexual orientation, and the Complaint fails to plead facts supporting a plausible retaliation claim.**
>
> > **1.** **Title VII does not prohibit discrimination based on sexual orientation.**

Counts I-II of the Complaint purport to state claims under Title VII of the Civil Rights Act of 1964 for wrongful termination and hostile work environment based on sexual orientation.

Title VII, however, "does not prohibit discrimination based on sexual orientation." *Prowel v. Wise Bus. Forms, Inc.*, 579 F.3d 285, 289 (3d Cir. 2009) (citing *Bibby v. Phila. Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001)); *Pagan v. Holder*, 741 F. Supp. 2d 687, 695 (D.N.J. 2010) ("The Court will not permit Plaintiff to bootstrap protection for sexual orientation into Title VII by re-packaging her sexual orientation claim as gender stereotyping."), *affirmed sub nom. Pagan v. Gonzalez*, 430 F. App'x

---

accuracy cannot reasonably be questioned." *Island Software and Computer Service, Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2nd Cir. 2005). Exhibit A was last accessed on June 30, 2017 at the following link: https://www.medicare.gov/nursinghomecompare/ownership-info.html#ID=395296.

170, 172 (3d Cir. 2011). Accordingly, the Court should dismiss Counts I-II of Plaintiff's Complaint for failure to state a claim.

### 2. The Complaint fails to plead facts supporting a plausible Title VII retaliation claim.

Count III of the Complaint alleges unlawful retaliation in violation of Title VII. To state a *prima facie* claim for retaliation, Plaintiff must show, among other elements, "a causal connection between the plaintiff's opposition to . . . unlawful discrimination and an action that might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Moore v. City of Phila.*, 461 F.3d 331, 341-42 (3d Cir. 2006).

Plaintiff alleges he was retaliated against because he "complained to the supervisor [Chapman] in May 2016 that [Plaintiff] believed [Chapman's] behavior was homophobic." Plaintiff's Brief in Opposition at 20.

As set forth above, Title VII does not prohibit discrimination based on sexual orientation; thus, Plaintiff did not express opposition to unlawful discrimination. Moreover, four months elapsed between Plaintiff's supposed protected activity— complaining to Chapman—and the termination of his employment, and the Complaint sets forth no additional evidence of retaliatory motive. *See Blakney v. City of Phila.*, 559 F. App'x 183, 186 (3d Cir. 2014) (stating that "a temporal proximity greater than ten days requires supplementary evidence of retaliatory motive"). Accordingly, the Court should dismiss Count III of Plaintiff's Complaint for failure to state a claim.

In further support of the dismissal of Plaintiff's Complaint, the Rest Haven Defendants incorporate the arguments set forth in the Brief of WM Operating and

7

Chapman (and in particular, Sections IV.B and IV.C on pages 9-13) as if fully set forth herein.

    **C.    The Court should dismiss Counts IV-IX for failure to state a claim against the Rest Haven Defendants because the conduct at issue occurred solely within Springfield Township and Plaintiff failed to exhaust administrative remedies under the Springfield Township Human Relations Ordinance.**

        **1.    The Philadelphia Fair Practices Ordinance and Whitemarsh Township Human Relations Ordinance do not apply to conduct that occurred exclusively in Springfield Township, Montgomery County.**

Counts IV and V of the Complaint allege wrongful termination and discrimination based on sexual orientation in violation of the Philadelphia Fair Practices Ordinance. Similarly, Counts VI and VII of the Complaint allege wrongful termination and hostile work environment discrimination based on sexual orientation in violation of the Whitemarsh Township Human Relations Ordinance.

According to the Complaint, Chapman's allegedly wrongful conduct took place at the Nursing Home. Public records show that the Nursing Home is located in Springfield Township, Montgomery County. Exhibit B, Official Recording Cover Page (listing "Municipality" as "Springfield Township (100%)"); Brief of WM Operating and Chapman, Exhibit 2 (deed to 9209 Ridge Pike); *id.* Exhibits 3-5 (tax and land records). The Nursing Home is not located in Philadelphia or Whitemarsh County. Ordinances enacted by Philadelphia and Whitemarsh County therefore do not apply. *See* Phila. Comm'n on Human Relations, Guide to Discrimination Complaints Under the Philadelphia Fair Practices Ordinance at 2 (stating that "complainant must be able to

show . . . [t]he conduct took place in the **City of Philadelphia**" (emphasis in original));[2] Whitemarsh Township Ordinance No. 911 at 2-3 (Nov. 17, 2011) (stating that the "Board of Supervisors desires to establish and adopt an official policy of non-discrimination *in Whitemarsh Township*" and declaring ordinance "an exercise of the police power of the *Township of Whitemarsh*").[3]  Accordingly, the Court should dismiss Counts IV-VII of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because the Philadelphia Fair Practices Ordinance and the Whitemarsh Township Human Relations Ordinance do not apply to conduct that occurred in Springfield Township.

### 2. Plaintiff failed to exhaust administrative remedies under the Springfield Township Human Relations Ordinance.

Counts VIII and IX of the Complaint allege wrongful termination and discrimination based on sexual orientation in violation of the Springfield Township Human Relations Ordinance (the "Springfield Ordinance").

The Springfield Ordinance prohibits employment discrimination based on sexual orientation.  The Ordinance, however, requires a person to file a complaint with the Township within 180 days of an allegedly discriminatory act.  Springfield Township Ordinance No. 914 §§ 47-3, 47-4, 47-7(B) (Sept. 14, 2011).[4]  The Ordinance requires a person to exhaust these administrative remedies before filing a lawsuit in court.  *See id.* § 47-9(C) ("In the event that the complaint has not been resolved through mediation, the parties are entitled to proceed to the Court of Common Pleas in Montgomery County.").

---

[2]   http://www.phila.gov/HumanRelations/PDF/GuideToDiscriminationComplaints.pdf
[3]   http://www.whitemarshtwp.org/DocumentCenter/View/101
[4]   http://ecode360.com/15421655

Plaintiff filed a complaint with Springfield Township 214 days after the last act of alleged discrimination took place.  *See* Compl. ¶¶ 209, 223 (averring Plaintiff's employment was terminated on September 22, 2016); Brief of WM Operating and Chapman, Exhibit 10 (letter from Donald E. Berger, Jr., Springfield Township Manager, to Justin F. Robinette, Counsel for Plaintiff, May 12, 2017, rejecting Plaintiff's complaint as untimely).  Plaintiff does not dispute that his complaint with Springfield Township was untimely filed.  *See* Plaintiff's Brief in Opposition at 34-35 (conceding that Plaintiff filed complaint in Springfield Township on April 24, 2014, more than 180 days after the termination of his employment).

Accordingly, the Court should dismiss Counts VIII and IX of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) because Plaintiff failed to exhaust administrative remedies under the Springfield Ordinance.

In further support of the dismissal of Plaintiff's Complaint, the Rest Haven Defendants incorporate the arguments set forth in the Brief of WM Operating and Chapman (and in particular, Sections IV.D and IV.E on pages 13-16 and Exhibits 2-10) as if fully set forth herein.

## IV. **CONCLUSION**

Because the Rest Haven Defendants did not operate the Nursing Home or employ Plaintiff when the alleged discrimination occurred, Plaintiff has no colorable claims against the Rest Haven Defendants. For this and the other foregoing reasons, the Court should dismiss Plaintiff's Complaint with prejudice for failure to state a claim against the Rest Haven Defendants.

    McNEES WALLACE & NURICK LLC

By: s/Devin Chwastyk
    Devin Chwastyk
    PA Bar I.D. No. 91852
    Thomas S. Markey
    PA Bar I.D. No. 320681
    100 Pine Street, P. O. Box 1166
    Harrisburg, PA 17108-1166
    717-232-8000 - Phone
    717-237-5300 - Fax
    Email: dchwastyk@mwn.com

*Counsel for Defendants Rest Have Care Corp. d/b/a Rest Haven-Whitemarsh Nursing Center and Rest Haven Nursing Center (Whitemarsh), Inc.*

Dated: June 30, 2017

## CERTIFICATE OF SERVICE

I hereby certify that I have, this day, served the foregoing document via the Court's ECF filing system upon the following:

**JUSTIN F. ROBINETTE**
POST & POST LLC
920 CASSATT RD
200 BERWYN PARK SUITE 102
BERWYN, PA 19312
Email: jrobinette@postandpost.com
*Counsel for Plaintiff*

**ENRICO CELESTINO TUFANO**
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
Two Commerce Square
2001 Market Street
Suite 3100
Philadelphia, PA 19103
Email: enrico.tufano@wilsonelser.com
*Counsel for WM Operating, LLC d/b/a Meadowview Rehabilitation and Nursing Center AND John Chapman*

**JOHN M. NOLAN , III**
**MARJORIE KAYE , JR.**
JACKSON LEWIS LLP
THREE PARKWAY SUITE 1350
1601 CHERRY ST
PHILADELPHIA, PA 19102
Email: j.michael.nolan@jacksonlewis.com
Email: KayeM@jacksonlewis.com
*Counsel for Premier Healthcare Management, LLC*

By: s/Devin Chwastyk
Devin Chwastyk

Dated:  June 30, 2017